BENJAMIN HALL *v.* THE STATE.

CRIMINAL LAW. *Felony. Misdemeanor.* The charge, in an indictment for larceny, of feloniously taking and carrying away certain specified wood, includes the wilful taking and carrying away of the same wood, which is made a misdemeanor by statute, and, under the Code, sec. 5222, the defendant may be acquitted of the felony, and convicted of the misdemeanor.

FROM SEVIER.

Appeal in error from the Circuit Court of Sevier county. J. G. ROSE, J.

———— ———— for Hall.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The plaintiff in error was indicted, in the usual form of an indictment for larceny, for feloniously taking and carrying away three wagon loads of wood of the value of one dollar and fifty cents, and one tree of the value of one dollar, the property of the prosecutor. By statute, Rev. Code, secs. 4652, 4652 *b*, it is a misdemeanor to wilfully or knowingly take and carry away the rails, wood or other lumber of another. The court charged the jury that the charge of larceny included the misdemeanor, and that the defendant might be acquitted of the felony and convicted of the misdemeanor. Upon a charge in other respects unexcep-

tionable, the jury did acquit the plaintiff in error of the felony, and convict him of the misdemeanor. He appealed in error, and assigns the part of the charge cited as ground for reversal.

Larceny is the felonious taking and carrying away of the personal goods of another: Code, sec. 4677. To be felonious, the taking must necessarily be wilful. The statutory misdemeanor is, therefore, included in the felony. At common law, there could be no conviction for a misdemeanor on an indictment for a felony: 1 Bish. Crim. Law, sec. 804. This rule was based on the fact that persons indicted for misdemeanor had at common law certain advantages at the trial not permitted in felony, such as the right to defend by counsel, and to have a copy of the indictment and a special jury. It was a plain dictate of justice that a person should not be deprived of these rights by the charge of a graver crime in, the indictment. In modern times, the discrimination is in favor of those indicted for the higher offense, and the reason for the old rule no longer exists. The courts of several of the States have, consequently, held that a conviction for a misdemeanor may be had under an indictment for a felony which includes it. Other States have changed the rule by statute. Our Code contains such a provision, and authorizes the jury to acquit the defendant of the crime charged in the indictment, and find him guilty not only of a lower offense, whether it be a felony or a misdemeanor, when the indictment is for an offense including different degrees, but of an offense, the commission of which is neces-

sarily included in that with which he charged: Code, sec. 5222. The statute has already been applied in a larceny case: *DeLacy* v. *State*, 8 Baxt., 401. See also *Smith* v. *State*, 2 Lea, 614.

There is no error in the record, and the judgment will be affirmed.